In The

Court of Appeals

Fifth District of Texas at Dallas

---

No. 05- 20-00143-CV

---

THEODORE SIMMONS, Appellant

V.

MIDLAND FUNDING, LLC, Appellee

---

On Appeal from the County Court at Law No. 3 Dallas County, Texas

Trial Court Cause No. CC-19-01681-C

---

Appellant's Motion To Correct The Reporter's Record Pursuant

To TEX. R. CIV. PROC. 34.6

TO THE HONORABLE JUDGES OF SAID COURT:

COMES Appellant, Theodore Simmons, with this motion and in support of said

motion offers the following:

1.) On November 23, 2020, Appellant picked up the Reporter's Record in the above case

and style, and immediately discovered fabrications in he Reporter's Record, complete omissions of Appellant's objections and arguments, incomplete objections by Appellant, objections by Appellant that are completely omitted, and spurious statements made by Appellant;

2.) The Due Process Clause of the Texas Constitution as well as the Due Process Clause of the United States Constitution does not permit a recreation of an appeal record after the fact

3. ) Appellant will now point out the errors, fabrications and missing objections, incomplete objections and incomplete objections and arguments made by Appellant as well as the spurious statements purported to be made by Appellant;

4.) On Volume 1of 1 of the RR, page 1 , line 15 states,"held in Greenville, Hunt County, Texas". It should state,"held in Dallas County, Texas";

5.) On Volume 1 of 1 of the RR, page 2, line 4-6 states, "Honorable Robert Fisher Fisher & Sanger SBOT # : 07043200 3231 Bryn Mawr Drive Dallas, Texas". It should state, " Peter Newman SBOT 24106928 PO BOX 460568, Houston , Texas, 77056-8568;

6.) Volume 1 of 1 of the RR, page 5, line states, "MR. Fisher: Robert Fisher for Midland Funding". It should state, Perter Newman: "Peter Newman for Midland Funding".

7.) Volume 1 of 1 of the RR, page 5, line 8 States," THE COURT: I'm going to go off the record and let you guys go talk". It should state, MR. Simmons: " Your honor, I move for dismissal of the Plaintiff's case because the court does not have subject matter jurisdiction over a case were Plaintiff does not show up. Subject matter jurisdiction must exist at every stage of the proceeding. It takes a Plaintiff and a Defendant to be before the Court in order for the there to be a controversy. There is no Plaintiff before the Court and there are no competent fact witness before the Court for Plaintiff. Plaintiff's lawyer is here but he is not a party to this case and nothing he say is competent nor is it evidence. Plaintiff's counsel cannot prosecute a contested claim for the the Plaintiff and nor can he admitted evidence because he cannot lay foundation and nor can he testify to the record keeping of Credit One Bank. MR. Simmons: "I need a ruling your honor". The Court: " Duly noted". MR. Simmons: " I need a ruling your honor". The Court:"

Move on". MR. Simmons: "Your honor, I need a ruling". The Court: " Over ruled". The Court: " I'm going to go off the record and let you guys go talk" MR. Simmons:" I object to going off the record";

8.) Volume 1 of 1 of the RR, on page 6, line 9 states MR. Simmons: "I understand". It should state, MR. Simmons: "At this point this Court does not have a Plaintiff before it, it does not have a contract before it, it does not have an assignment of a contract before it from Credit One Bank identifying a contract between me and Credit one Bank that has been assigned to Plaintiff the alleged Plaintiff is not here and what Plaintiff's counsel brings before this Court is an Affidavit by Jane Keller, with attached purported business record, which is inadmissible because she is incompetent to lay foundation for the documents attached and she is incompetent to testify about the record keeping of a Capitol One Bank, and affidavits cannot be admitted at trial over a party objection because it cannot be crossed examine and such denies due process. I object to Jane Kellner's affidavit based on hearsay and conclusions without facts to support the conclusions. The Court: "Over ruled".

9.) Vol. 1 of 1 of the RR, on page 8, line 2 -5 , states: MR. Simmons: "Okay". "Then I'm going to object to that, because if your saying—either way, a jury trial demand has been filed. I have a due process right to that. It should say, "Objection". "The facts are in dispute." If there are no facts in dispute why are we having a bench rial" ?; "You have trials when facts are in dispute and the facts are disputed;" I filed a jury trial demand, and I have a due process right to that."

10.) Vol. 1 of 1 of the RR, on page 9, line 1 states MR. Simmons: "Okay". It should state, MR. Simmons: "Objection". "The bill of sale is part of the business record and it is hearsay", and I move to strike it. The Court. "Over ruled."

   Appellant, Theodore Simmons, declare and inform this Court, that the remaining parts of the reporter's record is fiction. Appellant has a right to a record on appeal dealing with the factual proceeding from the trial Court on September 19, 2019, not a fictional record contrived to interfere with Appellant's right to appeal. This alleged attorney Mr. Fisher , never showed for trial all arguments and  statements are fiction. He never appeared at

trial. This fictional reporter's record is a ruse to cover up that the Court proceeded to trial without a Plaintiff in a contested case and allowed an incompetent lawyer by the name of Peter Newman, to prosecute a case without a Plaintiff.

Appellant objects to this fictional record and demand that it be corrected, because such conduct is a violation of Due Process and prevents Appellant from properly presenting its issues on appeal based on what occurred at trial on September 19, 2019.

Wherefore premises considered, the Appellant request that the Court order Ms.Young to correct the record because Appellant cannot proceed to file a brief on a fictional record that is created to prevent appellant from showing error.

Respectfully submitted, Theodore Simmons, Appellant

3018 S. Ewing Ave., Dallas, Tx, 75216                      E-

Mail: vanholding51@gmail.com

214-794-2091

December 9,2020.

CERTIFICATE OF SERVICE

I certify that a true copy of this pleading was served on Plaintiff's counsel Brian Edward Staley, at P.O.BOX 460568 Houston, Tx 77056, via Certified Mail # 7019 1640 0000 2629 7350, on December 9, 2020.

BY:  Theodore Simmons, Appellant

3018 S.Ewing Ave., Dallas, TX 75216